# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HALL STEEL COMPANY,

       Plaintiff,                                                       Case No. 05-70743

v.                                                               Hon. Gerald E. Rosen

DETROIT COIL ROLLING and
METALLOYD LTD.,

       Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

              At a session of said Court, held in
          the U.S. Courthouse, Detroit, Michigan
          on      April 11, 2006

          PRESENT:  Honorable Gerald E. Rosen
                               United States District Judge

        By order dated February 14, 2006, the Court remanded this matter for arbitration in London, England, in accordance with the terms of the parties' written contract. In a motion filed on February 23, 2006, Plaintiff seeks reconsideration of this order, arguing that it lacks language that would permit the Court to enforce the parties' purported agreement to take the deposition of non-party Gregory Adanin. For the reasons set forth briefly below, the Court finds no basis to reconsider its February 14 order.[1]

---

[1] In support of its present motion, Plaintiff correctly observes that the Court entered the February 14 order under the mistaken belief that the parties had stipulated to its terms. In fact, this order was submitted by Defendants alone, along with a motion seeking its entry. In the accompanying motion, Defendants acknowledged that Plaintiff sought additional language in the

At the outset of this case, Defendants filed a motion arguing, among other things, that the parties' contractual dispute was governed by an agreement to arbitrate such matters in London, England. In support of this contention, Defendants produced a written agreement that clearly included such an arbitration clause, and that appeared to be executed on Plaintiff's behalf by the company's president, Chris Stankovich. In response, Plaintiff contended, among other things, that the contract actually signed by Mr. Stankovich lacked any such provision.

In order to resolve this factual dispute, the Court conducted an evidentiary hearing on October 17, 2005, and heard the testimony of Gregory Adanin and Chris Stankovich.[2] When certain factual issues remained unsettled at the conclusion of this hearing, the Court directed the parties to pursue further discovery on the arbitration issue, and ordered them to appear at a further evidentiary hearing on January 12, 2006. On the date of this scheduled hearing, however, Plaintiff's counsel conceded that the parties' dispute was

---

order, but argued that this language was unwarranted. Having now had an opportunity to consider the parties' contentions on this subject, and having determined that the February 14 order properly comports with the Court's ruling (and the parties' agreement) on the issue of arbitration, the Court finds that any procedural irregularities in the entry of the February 14 order are now moot.

[2]Prior to this hearing, Plaintiff had filed a motion to compel Mr. Adanin to comply with a subpoena directing him to appear at a deposition and produce certain documents. This motion was referred to a magistrate and was set for hearing on October 17, 2005, the same day that the parties appeared before this Court. Because Mr. Adanin appeared at the October 17 hearing and was extensively questioned by counsel for both parties, Plaintiff's counsel acknowledged that it was no longer necessary for the parties to appear before the magistrate on Plaintiff's motion to compel. (See 10/17/2005 Hearing Tr. at 7-8.) Thus, in a docket entry made that same day, the magistrate deemed Plaintiff's motion to be resolved.

subject to arbitration in London, England, and the parties agreed to submit a proposed order reflecting this resolution of the matter.

Plaintiff acknowledges that the proposed order submitted by Defendants and entered by the Court on February 14, 2006 properly reflects the Court's disposition of this matter. Nonetheless, Plaintiff contends that this order, apart from referring the parties' dispute for arbitration, should also have included language reflecting the parties' purported agreement to conduct the deposition of Mr. Adanin. In particular, Plaintiff argues that the Court should retain jurisdiction not only "for the purpose of enforcement of any arbitration award," as the February 14 order currently provides, but also for the purpose of addressing other, unspecified "issues arising out of the arbitration."

The Court need not decide whether the parties, in fact, reached some sort of agreement to take Mr. Adanin's deposition.[3] From the very outset of this litigation, Defendants maintained that this Court was not the proper forum for addressing the parties' contractual dispute. Had they immediately prevailed on this point, Plaintiff would have had no right to the discovery it now seeks — or, for that matter, any discovery not permitted under the rules of the London arbitration proceeding. Yet, because several months passed before this issue ultimately was decided in Defendants' favor, Plaintiff had at least a limited opportunity to pursue discovery in this litigation.

---

[3]As Defendants observe, there is no record support for this contention, and the statement of Plaintiff's counsel at the October 17 hearing appears to suggest the contrary. Moreover, the Court does not recall any discussion on this subject at the January 12, 2006 conference at which Plaintiff and its counsel abandoned their opposition to the arbitration of the parties' dispute.

3

Indeed, Plaintiff's counsel had an extensive opportunity to question Mr. Adanin at the October 17, 2005 hearing, albeit not on the full range of subjects that perhaps would have been addressed at a deposition.

Plaintiff has not established its entitlement to any more than this. In particular, Plaintiff has not cited any authority, and the Court is unaware of any, for the proposition that a federal court should make itself available to enforce purported discovery pacts among parties who have agreed to submit their disputes to arbitration. Having so agreed in this case, Plaintiff must pursue any additional discovery efforts or related relief within the context of the London arbitration proceeding. As stated in the February 14 order, this Court's powers are limited to the enforcement of any resulting arbitration award.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 23, 2006 Motion for Reconsideration is DENIED.

    s/Gerald E. Rosen
    Gerald E. Rosen
    United States District Judge

Dated:   April 11, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2006, by electronic and/or ordinary mail.

    s/LaShawn R. Saulsberry
    Case Manager